## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WESTERN INVESTMENT, INC.,

     Plaintiff,

     v.                                                            Case No. 22-1083-JAR-RES

CONTINENTAL WESTERN
INSURANCE COMPANY,

     Defendant.

## MEMORANDUM AND ORDER

     This matter comes before the Court on Defendant Continental Western Insurance Company's Motion to Compel Plaintiff Western Investment Inc. to answer, admit and produce documents in response to Defendant's written discovery requests. ECF No. 14. After Defendant filed its Motion, Plaintiff untimely responded to Defendant's discovery requests. ECF No. 18. Now, Plaintiff only opposes Defendant's Motion to the extent Plaintiff's failure to timely respond resulted in deemed admissions to certain requests for admissions. ECF No. 17. For the reasons explained below, the Motion is granted in part and denied in part.

## I.  BACKGROUND

     On March 31, 2022, this case was removed from state court on the basis of diversity jurisdiction. *See* ECF No. 1. Highly summarized, Plaintiff operated a commercial grain elevator. ECF No. 1-2 at 2, ¶ 6. Defendant was Plaintiff's insurer. *Id.* at 2, ¶ 5; ECF No. 4 at 2, ¶¶ 5-6. On December 7, 2016, Plaintiff alleges that the grain elevator was physically damaged. ECF No. 1-2 at 2, ¶ 7. That same day, Plaintiff reported the damage to Defendant. *Id.* at 2, ¶ 8; ECF No. 4 at 2, ¶ 7. Through its adjustment process, Defendant tendered Plaintiff $85,935.00 for the damage to the grain elevator pursuant to the policy. *Id.* at 3, ¶ 9; ECF No. 4 at 2, ¶ 9.

Plaintiff, however, alleges that the full value of the damage to the grain elevator substantially exceeds the amount Defendant tendered to Plaintiff.  *Id.* at 3, ¶ 11.  As such, Plaintiff accepted the tendered amount "pursuant to a reservation of its right to demand additional compensation from Defendant . . . based upon the full and actual amount of its loss."  *Id.* at 3, ¶ 10.  Sometime after reporting to Defendant the damage to the grain elevator, Plaintiff provided Defendant with additional information to demonstrate that the physical loss to the grain elevator exceeded the amount tendered by Defendant.  *Id.* at 3, ¶ 12.  Defendant has not paid any additional amounts and alleges it has paid Plaintiff what is owed under the policy for the damage to the grain elevator.  ECF No. 4, at 2, ¶¶ 9-12.

On July 7, 2022, Defendant served its First Set of Interrogatories, First Requests for Production of Documents and First Requests for Admissions to Plaintiff.  ECF No. 10.  Plaintiff's deadline to answer and respond to Defendant's discovery requests was August 8, 2022.  Fed. R. Civ. P. 33(b)(2) (a party responding to interrogatories must serve its answers and objections within 30 days of being served); *see also* Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3).  Plaintiff did not serve any written responses to these discovery requests or produce any responsive documents on or before August 8, 2022, and Plaintiff did not ask for an extension of time to answer or otherwise respond.

On August 10, 2022, Defendant's counsel emailed Plaintiff's counsel to meet and confer to discuss Defendant's discovery requests and Plaintiff's failure to respond.  ECF No. 15 at 1; *see also* D. Kan. Rule 37.2 (requiring parties to meet and confer regarding any discovery disputes).  On August 12, 2022, the parties' counsel had a phone call, and Plaintiff's counsel said he anticipated serving answers and responses to Defendant's discovery requests during the week of August 22, 2022.  *Id.* at 2.  Defendant's counsel did not object to this untimely requested extension,

and the parties apparently agreed that Plaintiff had until August 26, 2022, to serve answers, responses and documents.  *Id.*  On August 22, 2022, Plaintiff's counsel emailed Defendant's counsel stating that Plaintiff's answers, responses and documents would be "prepared for service by the end of this week."  *Id.*  But again, Plaintiff failed to serve any answers, responses or documents on or before August 26, 2022.

On August 29, 2022, Defendant filed this Motion and requested that the Court find:

> A.    Plaintiff is required to answer, respond, and produce documents within seven (7) days of the Court's Order;

> B.    Plaintiff has waived all objections to Continental's discovery requests; and

> C.    Plaintiff has admitted each request in Continental's First Requests for Admissions.

ECF No. 15 at 4.  The Court expedited briefing on this Motion.  ECF No. 16.

On September 6, 2022, Plaintiff filed its two-page response to the Motion.  ECF No. 17. On the same day as its response, Plaintiff filed a certificate of service reflecting that on September 5, 2022, it served its written responses to Defendant's discovery requests, which was more than a week past the agreed-upon extended deadline.  ECF No. 18.  Plaintiff states that Plaintiff's counsel and Plaintiff's corporate representatives "exercised good-faith and due diligence in an effort to complete the preparation of the discovery responses within the time agreed.  Plaintiff was unfortunately unable to do so."  *Id.*  Plaintiff, however, states that it did not object to any of Defendant's discovery requests in its September 5, 2022 responses, and "endeavored to fairly and adequately respond to each of Defendant's individual discovery requests."  *Id.*  Plaintiff contends that "Defendant's requests "A" and "B" are now moot."  *Id.* at 2.

Regarding Defendant's "C" request, Plaintiff states that it denied only two of Defendant's Requests for Admissions.  *Id.*  Plaintiff states that it denied Request No. 14, which asked Plaintiff

to admit that it "used the unrepaired grain bin following the 2014 damage at a reduced capacity." ECF No. 19-1 at 5.  Plaintiff also denied Request No. 24, which asked Plaintiff to admit that its "lawsuit against Continental fails to state a claim against Continental because Continental properly relied on the insurance policy provisions within insurance policy numbers CDP 3049397-20 and CDP 3049397-22, in calculating the payments to [Plaintiff]."  *Id.* at 7.  Plaintiff "suggests that [Defendant's C request] should be held in abeyance until discovery has been completed and the Court would have the benefit of having all of the evidence available to it in making its determination."  ECF No. 17 at 2.

In its reply, Defendant attached Plaintiff's responses to the Requests for Admissions.  ECF No. 19-1.  From the face of these requests, Plaintiff denied not only Requests No. 14 and 24, but it also did not admit Requests Nos. 22, 23 and 28.  *Id.* at 6-7.  In its reply, Defendant reiterates its argument that because Plaintiff failed to timely respond to Defendant's Requests for Admissions, Plaintiff has admitted all of the requests under Rule 36.  *See* ECF No. 19.  This issue is now before the Court.

## III.   DISCUSSION

### A.   Defendant's First Set of Interrogatories and First Requests for Production of Documents.

Fed. R. Civ. P. 37(a)(1) states that on notice to other parties, a party "may move for an order compelling disclosure or discovery."  A party seeking discovery may move for an order compelling an answer, designation or production if: "(iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents . . . as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  If a party fails to answer or object in a timely manner to an interrogatory or request for production, the party has waived its right to object, unless the Court, for good cause, excuses the failure.  Fed. R. Civ. P. 33(b)(4); *see also See Starlight Int'l, Inc. v.*

*Herlihy,* 181 F.R.D. 494, 496–97 (D. Kan. 1998) ("Fed. R. Civ. P. 33(b)(4) provides that untimely objections are 'waived unless the party's failure to object is excused by the court for good cause shown.'  The same standard applies to requests for production under Fed. R. Civ. P. 34." (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996))).

Plaintiff does not dispute that it failed to timely respond to Defendant's discovery requests, both by the original deadline or by the parties' agreed-upon extended deadline.  Plaintiff served its responses to Defendant's discovery requests on September 5, 2022, approximately a week and a half past the August 26, 2022 agreed-upon extended deadline.  ECF No. 17.

The Court does not find good cause to excuse the failure.  Plaintiff simply states it was "unfortunately unable to" serve its discovery responses by the extended deadline it proposed. Plaintiff provides no explanation for why it failed to serve its discovery responses by the original deadline or by the extended deadline, even after it confirmed via email with Defendant that its responses would be served by August 26, 2022.  ECF No. 15 at 2.  As such, Plaintiff has waived its right to object to Defendant's First Set of Interrogatories and First Requests for Production of Documents.

Because Plaintiff has served its responses to these discovery requests without objections, Defendant's requests A and B are moot to the extent they seek substantive responses.[1]  Plaintiff, however, only served discovery responses *after* Defendant incurred the time and expense to meet and confer on Plaintiff's failure to provide timely responses and *after* Defendant filed its Motion to Compel.  This necessarily implicates Rule 37(a)(5), which is discussed in greater detail below.

---

[1]    The Court, however, cautions Plaintiff that failing to timely comply with an order to provide or permit discovery, including orders issued under Rules 26(f), 35, or 37(a), may result in the imposition of additional sanctions, up to and including dismissing the action or in whole or in part.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

**B.**     **Defendant's First Requests for Admissions.**

With regard to Defendant's requests for admissions, a matter is "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3); *see also Bergemann v. United States,* 820 F.2d 1117, 1120 (10th Cir. 1987) ("Unanswered requests for admission are deemed admitted."). As courts have recognized, while this result may be harsh, such a process is necessary to ensure "the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure. In addition, the harshness is tempered by the availability of the motion to withdraw admissions . . . ." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

There is no dispute that Plaintiff failed to respond to Defendant's Requests for Admissions by either the original deadline or the extended deadline, and therefore, the requests were deemed admitted pursuant to Rule 36(a)(3) as of at least August 26, 2022. The question then becomes whether Plaintiff has requested and should be granted leave to withdraw these admissions. The Court addresses this issue below and then directly addresses each of the Requests for Admissions that Plaintiff did not directly admit, Requests Nos. 14, 22-24 and 28.

**1.**     **Standards regarding Withdrawing an Admission.**

Rule 36(b) states that a matter deemed admitted is conclusively established unless "the Court, upon motion, permits the admission to be withdrawn or amended." The Court may permit withdrawal or amendment of an answer to a request for admission if (1) "it would promote the presentation of the merits of the action," and (2) "if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Judges in this District have applied Rule 36(b) to determine whether a party who failed

to timely respond to requests for admission may be granted leave to withdraw the admission to substantively respond out of time.[2]  *See Encon Int'l, Inc. v. Garrahan*, No. 11-2137-KGS, 2013 WL 12250856, at *1 (D. Kan. Feb. 14, 2013); *see also Team Logistics, Inc. v. OrderPro Logistics, Inc.*, No. 04-2061-JWL-DJ, 2005 WL 1140774, at *2 (D. Kan. May 10, 2005).

"[T]he party moving to withdraw the admission bears the burden of demonstrating that the presentation of the merits of this action will be subserved or facilitated by ordering the withdrawal of the admission." *Team Logistics, Inc.*, 2005 WL 1140774, at *2 (citing *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991)).  "The party who obtained the admission bears the burden of demonstrating to the court that withdrawal of the admissions will prejudice [them] in maintaining the action on the merits." *Id.*

"The court's focus must be on the effect upon the litigation and prejudice to the resisting party rather [ ] than on the moving party's excuses for an erroneous admission." *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000).  Rule 36(b) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36 advisory committee's note to the 1970 amendment.  "The decision whether to permit withdrawal is a

---

[2]        In at least one other case in this District, a party was permitted to serve answers to requests for admission out of time by demonstrating excusable neglect. *See Espy v. Mformation Techs.*, No. 08-2211-EFM, 2009 WL 2912506, at *10-11 (D. Kan. Sept. 9, 2009).  Other courts have applied Rule 6(b)'s "good cause" standard for submitting untimely responses to requests for admission. *See, e.g., Mason Tenders Dist. Council Welfare Fund v. LJC Dismantling Corp.*, 400 F. Supp. 3d 7, 22 (S.D.N.Y. 2019).  Regardless, the Tenth Circuit has recognized that although good cause and excusable neglect are related, "'good cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quoting *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991)).  As discussed above, Plaintiff has not shown good cause for its failure to timely respond to Defendant's Requests for Admissions.  Because of this, the Court does not address the excusable neglect standard.

discretionary one." *Encon Int'l, Inc.*, 2013 WL 12250856, at *1 (citing *Ropfogel*, 138 F.R.D. at 582).

Plaintiff should have—but did not—move for permission to withdraw its admissions and file responses out of time pursuant to Rule 36(b). Although Plaintiff failed to file a separate motion seeking permission, the Tenth Circuit has rejected this "overly technical" requirement. *Bergemann,* 820 F.2d at 1120-21 (Tenth Circuit affirmed district court's conclusion that defendant withdrew a potential admission without filing a motion to withdraw); *see also Masterson v. Nationstar Mortg., LLC*, 820 F. App'x 707, 711 (10th Cir. 2020). Although Plaintiff did not move for permission and does not cite any authority for the standards to consider in evaluating such a request, arguably Plaintiff's response can be interpreted as requesting this relief, and the Court will treat it as such.

### 2.    Request for Admission No. 14.

Request No. 14 asks Plaintiff to admit that it "used the unrepaired grain bin following the 2014 damage at a reduced capacity." ECF No. 19-1 at 5. Plaintiff states that future discovery will show "uncontroverted evidence" that "this was not true, and that the grain bin was in fact at or near full capacity at the time of the loss." *Id.* Plaintiff "suggests the issue should be held in abeyance until discovery has been completed and the Court would have the benefit of having all of the evidence available to it in making its determination." ECF No. 17 at 2.

Plaintiff cites no authority for its proposal that once a request for admission has been admitted due to a failure to timely respond, the Court can hold that admission in abeyance until some unknown time in the future. The Court declines to do so. As Defendant persuasively argues, the Court "cannot hold this issue in abeyance because Rule 36 instructs that Plaintiff admitted

Defendant's requests because Plaintiff did not timely answer Continental's requests within 30 days of service." ECF No. 19 at 2 (citing Fed. R. Civ. P. 36(a)(3)).

With regard to whether Plaintiff should be allowed to withdraw its admission, neither party addressed the factors the Court must consider as part of its analysis.[3] Presumably Plaintiff would argue that allowing it to withdraw its admission to Request No. 14 would promote the presentation of the merits of the action. But Plaintiff does not directly make this argument or provide any factual bases that would demonstrate that the admission is contrary to the record in the case or that the effect of upholding this admission would be practically to eliminate any presentation of the merits.[4] Plaintiff had the opportunity to address these factors fully in its response brief and instead chose to file a two-page response brief that failed to do so, other than to vaguely state that some future, unspecified discovery may be contrary to this admission. Discovery in this lawsuit does not close until November 3, 2022, ECF No. 8, and Defendant was entitled to a response to its request for admission in August 2022.

Because Plaintiff failed to answer Request No. 14 within the extended deadline and failed to meet its burden for why this admission should be withdrawn, the Court deems Request No. 14

---

[3]  "The following factors may be considered by a district court as part of this inquiry: (1) whether the admission is contrary to the record in the case; (2) whether an admission is no longer true because of changed circumstances; (3) whether, through an honest error, a party has made an improvident admission; and (4) whether the effect of upholding the admission would be practically to eliminate any presentation of the merits." *U.S. ex rel. Thomas v. Black & Veatch Special Projects Corp.*, No. 11-2475-DDC, 2014 WL 2095168, at *5 (D. Kan. May 20, 2014) (citing *Ropfogel*, 138 F.R.D. at 583).

[4]  "Mere inconvenience does not constitute prejudice for this purpose." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005). "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Bergemann*, 820 F.2d at 1121. "'The prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with the respect to the questions previously deemed admitted.'" *Raiser*, 409 F.3d at 1246 (quoting *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995)).

admitted pursuant to Rule 36(a)(3).  As such, Defendant's Motion is granted with regard to Request No. 14.

### 3.      Request for Admission No. 24.

Request No. 24 asks Plaintiff to admit that its "lawsuit against Continental fails to state a claim against Continental because Continental properly relied on the insurance policy provisions within insurance policy numbers CDP 3049397-20 and CDP 3049397-22, in calculating the payments to [Plaintiff]."  ECF No. 19-1 at 7.  Plaintiff states that this request "does not implicate an issue of fact so much as it does a conclusion of law."  ECF No. 17 at 2.  Otherwise, Plaintiff does not cite any authority to support that it has not admitted Request No. 24 by failing to timely respond.

Defendant argues that Rule 36 allows a party to serve requests for admissions relating to "facts, the application of law to fact, or opinions about either."  ECF No. 19 at 2 (quoting Fed. R. Civ. P. 36(a)(1)(A)).  Therefore, Defendant   argues it can "serve discovery asking that Plaintiff admit that its 'lawsuit against Continental fails to state a claim against Continental because Continental properly relied on the insurance policy provisions within insurance policy numbers CDP 3049397-20 and CDP 3049397-22, in calculating the payments to [Plaintiff].'"  *Id.* (quoting ECF No. 19-1 at 7).

"Although Rule 36 allows for requests applying law to fact, 'one party cannot demand that the other party admit the truth of a legal conclusion.'"  *Utley v. Wray*, No. CIV.A. 05-1356-MLB, 2007 WL 2703094, at *3 (D. Kan. Sept. 14, 2007) (quoting *Disability Rights Council v. Wash. Metro. Area,* 234 F.R.D. 1, 3 (D.D.C. 2006)).  "Furthermore, other District Courts have held that a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered to be inappropriate."  *LaRue v. City of*

*Hays*, No. 11-CV-01126-JTM, 2012 WL 2871718, at *7 (D. Kan. July 11, 2012)  (internal citation and quotation omitted); *see United States v. Petroff–Kline,* 557 F.3d 285, 293 (6th Cir. 2009) (requests for admission like "Plaintiff has failed to state a claim upon which relief can be granted," do not fit the mold cast by Rule 36); *see also Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) (collecting cases); Fed. R. Civ. P. 36(b) advisory committee's note to the 1970 amendment (emphasizing "the importance of having the action resolved on the merits, while at the same time assuring each party has justified reliance on an admission in preparation for trial will not operate to his prejudice").

Whether Plaintiff's complaint fails to state a claim is clearly a question of law.  But even assuming this were a proper request for admission, deeming Request No. 24 admitted would effectively be dispositive of the case.  Defendant could file a motion for summary judgment based on Plaintiff's admission that its complaint fails to state.  This would not resolve this case on the merits and is contrary to Rule 36(b).  Because Request No. 24 calls for a legal conclusion and because the admission could be case dispositive, Defendant's Motion is denied in regard to Request No. 24 and Plaintiff is allowed to deny this request for admission.

**4.      Requests for Admissions Nos. 22, 23 and 28.**

In its untimely written responses, Plaintiff did not admit or deny Requests for Admissions Nos. 22, 23 and 28.  ECF No. 19-1.  Instead, Plaintiff's written responses state only that each request is "admitted in part."  *Id.*  In its two-page response, Plaintiff does not reference Requests for Admissions Nos. 22, 23 or 28 at all.  Instead, Plaintiff misleadingly asserts "it denied only two of Defendant's Requests for Admission," ECF No. 17 at 2, without any acknowledgment that it attempted to deny these three requests in part.  Plaintiff does not ask for leave to withdraw its deemed admissions to these requests and does not provide any argument or authority for why it

should be granted leave to submit admissions only in part.  Because of Plaintiff's failure to address these requests, the Court deems the facts and matters requested by Requests Nos. 22, 23 and 28 admitted pursuant to Rule 36(a)(3).

### C.   Reasonable Expenses for Defendant's Motion.

When a party serves the requested discovery responses after a motion to compel is filed, the Federal Rules require the Court to award reasonable expenses, including attorneys' fees, unless certain circumstances are present.  Fed. R. Civ. P. 37(a)(5)(A) (stating that the court must assess reasonable expenses and fees unless: the movant filed the motion before attempting to confer; the opposing party's nondisclosure was substantially justified; or other circumstances would make an award unjust).  But as other Magistrate Judges in this District have recognized, "litigating whether fees and expenses are warranted and, if so, the appropriate amount, often results in the parties spending as much time and resources as they did litigating the underlying discovery motion." *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 3034810, at *9 (D. Kan. June 5, 2020).

To that end, the Court orders Defendant to notify Plaintiff and the Magistrate Judge's chambers via email (ksd_schwartz_chambers@ksd.uscourts.gov) on or before **September 30, 2022**, whether Defendant intends to seek an award of its reasonable expenses.  If so, the notice shall provide the exact dollar amount requested, including whatever fees Defendant estimates it will incur in further briefing this matter.  Thereafter, the parties must confer on or before **October 7, 2022**, to attempt to reach an agreement regarding the issue of reasonable expenses.  If the parties have not reached an agreement by that date, Defendant may file a motion seeking reasonable expenses on or before **October 12, 2022**, with the memorandum in support limited to five, double-spaced pages.  Plaintiff's response brief is due by on or before **October 17, 2022**, and is limited to

five, double-spaced pages.  Defendant's reply brief is due on or before **October 20, 2022**, and is limited to three, double-spaced pages.

## IV.    CONCLUSION

For the reasons explained above, Defendant's Motion to Compel, ECF No. 14, is **GRANTED** in part and **DENIED** in part.

**IT IS THEREFORE ORDERED** that the First Requests for Admissions propounded by Defendant on July 7, 2022 (ECF No. 10) are deemed admitted except for Request No. 24.

**IT IS FURTHER ORDERED** that Defendant's motion seeking reasonable expenses, if any, is due by October 12, 2022, and the parties shall adhere to the briefing schedule and page limitations set out above.

**IT IS SO ORDERED.**

Dated: September 23, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge